IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RONALD D. MADDEN,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>ANTON ANTONOV, et al.,<br><br>　　　　　　　Defendants. | 4:12-CV-3090<br><br>MEMORANDUM AND ORDER |

　　　This matter is before the Court on plaintiff Ronald D. Madden's objection (filing 174) to the Magistrate Judge's Memorandum and Order of August 31, 2014 (filing 167) denying in part and granting in part Madden's motion to compel discovery (filing 118) and denying in part and granting in party defendant BNSF Railway Company's motion for a protective order (filing 126).

　　　Pursuant to NECivR 72.2 and 28 U.S.C. § 636(b)(1)(A), the Court has reviewed the record and finds that the Magistrate Judge's order was—with some minor exceptions—neither clearly erroneous nor contrary to law. So, with those exceptions, the Court will adopt the Magistrate Judge's order and overrule Madden's objection.

## ANALYSIS

　　　The relevant facts are set forth in the Magistrate Judge's order (filing 167), and this Court will provide only a brief summary. Madden seeks an order compelling BNSF to produce a number of documents for discovery. BNSF has resisted disclosing certain documents, citing, among other reasons,[1] the privilege set forth in 23 U.S.C. § 409. BNSF has prepared a privilege log listing the documents it refuses to turn over to Madden, and provided the documents to the Magistrate Judge for *in camera* review. Filing 120-3; filing 140.

---

[1] BNSF has asserted other reasons for withholding many of these documents, such as relevance and subsequent remedial measures objections. But the primary focus of the parties' arguments before the Magistrate Judge, and before this Court, has been the privilege provided by § 409. *See* filing 167 at 9–10.

BNSF also provided an affidavit from Andy Amparan, who works for BNSF as a public projects manager. Amparan was directly involved in the communications and correspondence contained in the privilege log and maintained these documents as part of his work for BNSF. *See* filing 128-2. Amparan averred that the privilege log consists of correspondence that was

> created while working with State and local agencies in identifying, evaluating[,] and planning the safety enhancement of the crossing in connection with the construction of the grain elevator by The Andersons . . . . BNSF, along with the Nebraska Department of Roads and The Andersons, evaluated the crossing to make safety improvements to the crossing by utilizing Federal-aid highway funds to improve the crossing or to close the crossing.

Filing 128-2 at ¶ 2.

The Magistrate Judge found that the majority of the documents fell within the scope of the privilege granted by § 409 and were therefore not subject to discovery. This finding was based Amparan's affidavit and upon the contents of the documents themselves.

Madden objects to this finding. His objection is essentially a rehashing of his arguments that were before the Magistrate Judge. But this Court finds that the Magistrate Judge applied the correct legal framework. And based upon Amparan's affidavit and on its own review of the documents, this Court also finds that the majority of the documents fall within § 409.

The Magistrate Judge also found that some documents, which "merely reflect[ed] scheduled meetings and the name of meeting attendees or invitees" did not fall within § 409.[2] *See* filing 167 at 13. The Court likewise finds that the documents listed by the Magistrate Judge do not fall within § 409. However, based on similar reasoning, the Court finds that a handful of additional documents also qualify for disclosure. These consist of the documents bates-stamped BNSFCXF00015–16 (as redacted by the Court), BNSFCXF00028–31 (as redacted by the Court), BNSFCXF00033–34, BNSFCXF00038 (as redacted by the Court), and BNSFCXF000167. This does not include any attachments associated with these documents.

Some of these documents merely reflect meetings that were set to occur. *See* BNSFCXF000167. Some discuss the general development of the grain elevator and associated infrastructure, and merely detail BNSF's business plans for the area, rather than anything related to safety.

---

[2] BNSF has not objected to this finding.

BNSFCXF00015–16, 38. Based on their contents, they do not appear to have been created (i.e., "compiled") for a § 409 purpose.

One final category of documents warrants further discussion. This category consists of several emails discussing safety improvements. *See* BNSFCXF00028–31, BNSFCXF00033–34. These emails discuss the process of obtaining a waiver from the State of Nebraska for a "side clearance" issue. In other words, the emails appear to be discussing safety issues related to the railway itself, or to its interaction with the grain elevator or its associated infrastructure or equipment. But the emails do not appear to address safety improvements to the crossing or the highway.

As such, the emails do not qualify as documents compiled or collected for the purpose of identifying, evaluating, or planning the safety enhancement of potential accident sites or railway-highway crossings pursuant to 23 U.S.C. § 130. *See* 23 U.S.C. § 409. Nor is it clear how they relate to the development of any highway safety construction improvement project which may be implemented using Federal-aid highway funds. 23 U.S.C. § 409. Nothing about the contents of these documents shows that they were *compiled* for a § 409 purpose. And Amparan has not averred that any documents were *collected* for a § 409 purpose. It may be that these documents were, in fact, compiled or created for purposes eligible for protection under § 409. But in this limited regard, BNSF has not met its burden of proving that the privilege applies.[3] Accordingly,

IT IS ORDERED:

1. Madden's objection (filing 174) is sustained in part and overruled in part, as set forth above.

2. The Magistrate Judge's Memorandum and Order (filing 167) is modified as follows:

    a. In addition to the documents which BNSF was previously ordered by the Magistrate Judge to produce, BNSF shall produce the following bates-stamped pages of the documents identified in pages 1

---

[3] BNSF has also objected on relevance and subsequent remedial measures grounds. But BNSF has not fleshed out these objections. Both objections might yet provide valid grounds for keeping these documents from being admitted into evidence. But, at this time, neither of these objections will protect the documents from discovery.

- 4 -

      through 15 of its privilege log: BNSFCXF00033–34 and BNSFCXF000167.

b.    The following documents must also be produced, albeit in a redacted form: BNSFCXF00015–16, BNSFCXF00028–31, and BNSFCXF00038. The Court has attached redacted versions of these documents to this Memorandum and Order.

Dated this 4th day of November, 2014.

                             BY THE COURT:

                             *John M. Gerrard*
                             John M. Gerrard
                             United States District Judge

| From: | "Craney, Mark J" <Mark.Craney@BNSF.com> |
|---|---|
| To: | Marcus Scheer <marcus.scheer@newslink.com>, |
| Cc: | "Chris Reed (chris_reed@andersonsinc.com)" <chris_reed@andersonsinc.com>, "Ray, Mike J (Mktg)" <Michael.Ray@bnsf.com>, "Ben Frank J" <Frank.Bennett@bnsf.com>, "Johnson, David L" <David.Johnson8@BNSF.com> |
| Date: | 01/17/2013 12:18 PM |

BNSFCXF00015

Subject: Anderson Grain-Anselmo, NE

Marcus,

We would like to see something in the next available newsletter concerning the opening of this new grain facility.

Information we would like included:

- Project inception information
- Photos
- Projected Loadings

I've got a few pictures I can email to you for the article.

A couple of good contacts to help put the article together:

Mike Ray
BNSF Marketing
18173124639

Chris Reed
Principle with the Anderson Group
(937) 417-0668

Thank you

Mark

Mark J. Craney| BNSF Railway |Div. Trainmaster - Sandhills Sub.| ✉ Mark.Craney@BNSF.Com | ☎ CELL 402-419-9175

**From:** Bennett, Frank J
**Sent:** Thursday, December 06, 2012 2:25 PM
**To:** Ray, Mike J (Mktg)
**Cc:** Nettleton, Steven S; Sickler, Michael F; Cech, John C; Miller, Adam L; Boyer, Mark C; Abeyta, Esequiel J; Eliassen, Gene L; Craney, Mark J; Johnson, David L
**Subject:** RE: Anselmo exception approved by NE

Mike: I received a call from Chris Reed., Anders Grain, who said he was forwarded to me from you, and from others reference wanting to order their first train. He is wishing to order the train account of the price of beans right now. He said he can't even order the train, until I give the ok, with the variance on the 8'6" clearance, and the newly discovered issue, the AEI Reader which is not compliant.

BNSFCXF00028

The state gave variance on the 8'6" clearance, so we as a railroad are prepared to accept and work through this. Remind Chris that the signs posted must read "no clearance". We have instructions out in General Notice advising crews of no clearance and they are not to ride cars or engines on outside of equipment, through load out pocket.

As for the issue with the AIE reader not meeting minimum clearance, I gave him my ok to order the train with the agreement that if reader is not moved and signs are not in place, the train will not be delivered.

He assured me that it would all be done.

Mark Boyer and Zeke Abeyta, I think you've already done your final inspection, but I'll need you to do another once AEI is relocated and signs are positioned. Again, they must read "no clearance". Mark Craney I'd like you to be a part of this, and include photos of both, signs and moved reader.

Frank Bennett


**From:** Ray, Mike J (Mktg)
**Sent:** Thursday, December 06, 2012 1:33 PM
**To:** Bennett, Frank J
**Subject:** FW: Anselmo exception approved by NE

Frank,

Here's a copy of the PSA approval of the variance. The document I provided was a copy of the ITA between BNSF and Andersons. Andersons plan to have the poles moved and signs in place next week.

Mike

**From:** Chris_Reed@andersonsinc.com [mailto:Chris_Reed@andersonsinc.com]
**Sent:** Thursday, December 06, 2012 2:21 PM
**To:** Ray, Mike J (Mktg)
**Subject:** Fw: PUBLIC SERVICE COMM. Attached Image

Mike,

here is the waiver of clearance from the NE Public Service Commission, Gene called me and wanted to make sure that you have this



Chris Reed
The Andersons, Inc.
Regional Operations Manager
Western, Grain Group
(c)937-417-0668

----- Forwarded by Chris Reed/Ag_Group/Andersons on 12/06/2012 03:20 PM -----

| From: | Chris Reed/Ag_Group/Andersons |
|---|---|
| To: | Betsy Hall/FinServ/Andersons, |
| Date: | 11/27/2012 02:49 PM |
| Subject: | Fwd: PUBLIC SERVICE COMM. Attached Image |

Sent from my iPhone

Begin forwarded message:

**From:** "Bremer, Kandi" <*[Bennett, Frank J]*>
**To:** "Chris_Reed@andersonsinc.com" <Chris_Reed@andersonsinc.com>, "Tom Miller (TMiller@adamsbc.com)" <TMiller@adamsbc.com>
**Subject: PUBLIC SERVICE COMM. Attached Image**

Chris & Tom:

Attached is a copy of the original signed order granting the waiver on the side clearance at the The Andersons, Anselmo, NE location. A paper copy will be sent to Adams Building Contractors, Attn: Tom Miller, Jackson, MI as they were the applicants for the waiver.

Chris, should you need a paper copy let me know and I will send one to you as well.

Gentlemen, it's been a pleasure to work with you and the process of government is slow, so thank you for being patient with our agency through this process. I am glad that this has finally been resolved to the best of everyone's position, wish it could have happened sooner, but again that's the speed of government.

Have the best of holidays, be safe and if you ever need anything don't hesitate to contact me.

Kandi Bremer

Warehouse Admin

Nebraska Public Service Commission
1200 "N" Street, Ste. 300, The Atrium
PO Box 94927
Lincoln, NE 68509
(402) 471-0223 phone

(402) 471-0251 fax

EMAIL: kandi.bremer@nebraska.gov

- 2768_001.pdf

## Amparan, Andy J

| | |
|---|---|
| **From:** | Ray, Mike J (Mktg) |
| **Sent:** | Monday, August 20, 2012 5:04 PM |
| **To:** | Craney, Mark J; Bennett, Frank J; Nettleton, Steven S; Sickler, Michael F; Eliassen, Gene L; Abeyta, Esequiel J |
| **Cc:** | Briggs, Justin C; Arita, Jon; Amparan, Andy J; Gordon, James D |
| **Subject:** | RE: Anselmo Grain Facility |

Mark,

We will line up a call.

Based on my last discussion with Anderson's, they expect to start buying grain from farmers next month. It usually takes about 3 weeks to stock up the elevators before they start shipping trains. I suspect we will be close to October 1st for the first train.

Mike

> **From:** Craney, Mark J
> **Sent:** Monday, August 20, 2012 12:45 PM
> **To:** Ray, Mike J (Mktg)
> **Subject:** Anselmo Grain Facility
>
> Mike,
>
> I believe RM Abeyta has a walkthrough scheduled next week with the Anderson's track contractor to see where they are in relation to our track expectations.
>
> We would like to schedule a follow up meeting with key personnel; NOC, Operations, Maintenance, MOW and Signal within the next couple weeks to see where we are relative to:
>
> - Inspection/Air Tests- Will they be required at the facility and if so who will perform them
> - Setting Out Bad Orders (Will they be Set Out Within the Facility and who is responsible for Repair)
> - Volume Expectations
> - Anticipated Start Date of Operations
>
> - .......As well as anything else I've failed to mention that we may need updated on.
>
> Mark J. Craney | BNSF Railway |Div. Trainmaster - Sandhills Sub.| Mark.Craney@BNSF.Com | CELL 402-419-9175

BNSFCXF00038