IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

RONALD D. MADDEN,

        Plaintiff,

vs.

BNSF RAILWAY COMPANY, et.al;

        Defendants.

4:12CV3090

**ORDER**

      The plaintiff served a 30(b)(6) notice to depose defendant BNSF on December 3, 2014—two days before the deposition deadline.  See Filing No. 168.  The notice identifies 18 broad topics of inquiry.  This case has been pending for over two years, and although it was statutorily stayed for over six months due the insolvency of a co-defendant's insurer, that stay was lifted in March of 2014.  (Filing No. 106).

      With a March 2015 trial date looming, the railroad timely moved for summary judgment, and to exclude the testimony of several of Plaintiff's experts.  The plaintiff's 30(b)(6) notice was served after those motions were filed.  The railroad moved for a protective order, (Filing No. 217); The plaintiff moved to compel the 30(b)(6) deposition, (Filing No. 221).  The court ordered expedited briefing and set a hearing for this morning in the hope of resolving the discovery dispute verbally so the summary judgment response deadlines and the current trial date could remain intact

      But with the briefing now filed and read, the court is convinced there is no real urgency.  That is, although he noticed the deposition for December 3, 2014, the plaintiff did not actually believe the 30(b)(6) deposition would go forward that day:  Plaintiff's counsel acknowledges he "had to make a record concerning [the] discovery requests" and knew "the parties were undoubtedly proceeding to this Court on their respective motions as opposed to any deposition actually taking place on December 3, 2014."  (Filing No.

222, at CM/ECF p. 2). The clear inference is that the 30(b)(6) deposition notice was not served on the railroad immediately before the Thanksgiving holiday because the plaintiff needed the deposition by December 3, 2014. And based on plaintiff's liability theories dating back to his initial complaint, the topics listed in the notice have been relevant from the outset of this litigation.

Many of the legal arguments in the parties' briefs are currently before Judge Gerrard on Defendant's motion for summary judgment and Daubert motions. Those rulings will define the parameters of relevant discovery and inform the undersigned magistrate judge's consideration on the pending discovery motions. While waiting for full briefing and disposition on the matters pending before Judge Gerrard will no doubt delay any trial setting, the court is more concerned with being right than being fast; particularly when the plaintiff—who has demanded speed throughout this case—did not serve the 30(b)(6) notice until two days before the discovery deposition deadline.

Accordingly,

IT IS ORDERED:

1) In the interests of judicial economy, to avoid entering potentially inconsistent and unnecessary rulings, and to curtail potentially unnecessary expenditures of the parties' time and resources to comply with or further litigate discovery orders, the ruling on the plaintiff's motion to compel, (Filing No. 221), and the defendant's motion for protective order, (Filing No. 217), is held in abeyance pending a ruling on the railroad's pending motion for summary judgment, (Filing No. 196), and *Daubert* motions, (Filing No. 199, 202, 205, and 208).

2) The telephonic motion hearing scheduled for this morning at 9:00 a.m. is cancelled.

December 12, 2014.                BY THE COURT:

                                  *s/ Cheryl R. Zwart*
                                  United States Magistrate Judge